UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE O'CONNOR,<br><br>        Plaintiff,<br><br>-against-<br><br>5705 BROADWAY LLC d/b/a BARN TRUCK RENTALS, JOHN DOE a/k/a MARIO, and JOHN DOE a/k/a BEN,<br>        Defendants. | Case No.:<br><br>**COMPLAINT** |

Plaintiff JOSE O'CONNOR, by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants 5705 BROADWAY LLC d/b/a BARN TRUCK RENTALS ("Barn" or the "Corporate Defendant"), JOHN DOE a/k/a MARIO, and JOHN DOE a/k/a BEN ("Individual Defendants"), as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 5705 Broadway, Flushing, NY, 11377.

4. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. Upon information and belief, at all relevant times hereto, Defendants have been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6. Plaintiff in performing his job duties used items that were produced, in whole or part, outside of New York State.

7. Upon information and belief, at all times relevant hereto, Individual Defendants were joint owners and operators of Corporate Defendant.

8. At all relevant times, Individual Defendants had control over the terms and conditions of Plaintiff's employment, including his hours and pay rate.

9. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

10. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

11. Defendants own and operate a facility which rents trucks, trailers, and moving supplies.

12. Plaintiff has been employed by Defendants to work as a truck inspector within the last six (6) years.

13. At all relevant times, Defendants were Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

14. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week; and

   ii. Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195.

15. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendant's Wage and Hour Violations.

16. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

17. Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff, who worked in excess of forty (40) hours per week.

18. Defendants have maintained a policy and practice of failing to provide Plaintiff with proper wage notices and paystubs.

### A. Plaintiff's Schedule and Pay.

19. Plaintiff worked for Defendants inspecting trucks from 2013 until 2021.

20. Throughout most of Plaintiff's employment, he worked from 6:00 a.m. until 6:00 p.m., with a one hour lunch break, five or six days per week.

21. Plaintiff therefore regularly worked 11 hours per day between 2013 and 2019, totaling 55-66 hours per week.

22. Defendants paid Plaintiff $10 per hour prior to December 31, 2018, which was below the minimum wage under New York State law at the time.

23. Defendants increased Plaintiff's hourly pay to $15 per hour after December 31, 2018.

24. Defendants also did not provide to Plaintiff an extra hour of pay at the minimum wage when he worked more than 10 hours in a day.

25. Defendants failed to pay Plaintiff time and a half for all of his hours worked above 40 per week.

26. Defendants violated both the federal Fair Labor Standards Act and the New York Labor Law by failing to pay Plaintiff at the proper rate of time-and-a-half for his extensive overtime hours.

### B. Notice and Recordkeeping Violations.

27. Defendants paid Plaintiff partially in cash and partially by check until in or around 2017. After that point, Defendants paid Plaintiff entirely in cash.

28. Defendants failed to provide Plaintiff with a wage notice in compliance with NYLL § 195.

29. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

30. Defendants also did not provide Plaintiff with proper paystubs specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or any other information as required under NYLL § 195.

31. Accordingly, Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

## FIRST CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA)

32. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

33. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

34. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

35. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(Overtime Wage Violations under NYLL)**

36. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

37. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

38. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times his regular rate of pay, for hours worked in excess of forty (40) per workweek.

39. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(Minimum Wage Violations under NYLL)**

40. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

41. New York law requires an employer to pay all employees a minimum wage, which was set at $13.00 per hour for all New York City employers employing more than 10 people as of December 31, 2017.

6

42. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required minimum wage rate.

43. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
**(NYLL Spread-of-Hours Violations)**

44. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

45. Pursuant to 12 NYCRR 142-2.4, Defendants had an obligation to compensate Plaintiff for one hour's pay at the minimum wage for each hour he worked in excess of 10 hours in a given day.

46. Although Plaintiff worked more than 10 hours each day, Defendants failed to compensate him for one hour's pay at the minimum wage.

47. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify)

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendant was obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

50. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff with a wage statement, along with his pay, that specified his rate of pay, hours worked, and the pay period.

51. Defendants failed to provide Plaintiff with a notice or paystub in accordance with §195 of the NYLL.

52. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: November 30, 2022
         New York, New York

                                                      Respectfully submitted,

                                                      */s/ Michael Taubenfeld*
                                                      Michael Taubenfeld
                                                      FISHER TAUBENFELD LLP
                                                      225 Broadway, Suite 1700
                                                      New York, New York 10007
                                                      Phone: (212) 571-0700
                                                      Facsimile: (212) 505-2001
                                                      *ATTORNEYS FOR PLAINTIFF*